**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    **4/19**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **New LifeCare Management Services LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **LifeCare Management Services** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **46-2294310** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5340 Legacy Drive, Suite 150** **Plano, TX 75024** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Collin** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.lifecarehealthpartners.com** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **New LifeCare Management Services LLC**                                    Case number (*if known*) _____
　　　　　Name

**7.   Describe debtor's business**    A. *Check one:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
　　6223

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No

☐ Yes

If more than 2 cases, attach a separate list.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes

List all cases. If more than 1, attach a separate list

| Debtor | See Attachment 1 | Relationship | Affiliate |
|---|---|---|---|
| District | Delaware | When | Case number, if known |

| Debtor | **New LifeCare Management Services LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **New LifeCare Management Services LLC** | Case number (*if known*) | |
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/06/2019**
                MM / DD / YYYY

**X** **/s/ James Murray**                                    **James Murray**
Signature of authorized representative of debtor              Printed name

Title    **Chief Executive Officer and Manager**

**18. Signature of attorney**

**X** **/s/ M. Blake Cleary**                    Date **05/06/2019**
Signature of attorney for debtor                      MM / DD / YYYY

**M. Blake Cleary**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600**    Email address    mbcleary@ycst.com

**3614 DE**
Bar number and State

**ATTACHMENT 1**

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

On the date hereof, each of the related entities listed below (collectively, the "***Debtors***"), including the debtor in this chapter 11 case, filed a petition in the United States  Bankruptcy Court for the District of Delaware (the "***Court***") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.   Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

Hospital Acquisition LLC
Hospital Acquisition Intermediate Sub LLC
LifeCare Holdings LLC
LifecCare Behavioral Health Hospital of Pittsburgh LLC
New LifeCare Hospitals LLC
New LifeCare of Hospitals of Dayton LLC
New LifeCare Hospitals of Milwaukee LLC
New LifeCare Hospitals of South Texas LLC
Hospital Acquisition Sub II LLC
New LifeCare Management Services LLC
New LifeCare REIT 1 LLC
New LifeCare Hospitals of Mechanicsburg LLC
New Pittsburgh Specialty Hospital LLC
LifeCare Vascular Services, LLC
New LifeCare Hospitals of North Texas LLC
New LifeCare Hospitals of Chester County LLC
New LifeCare Hospitals of Northern Nevada LLC
New San Antonio Specialty Hospital LLC
New LifeCare Hospitals of North Carolina LLC
New LifeCare Hospitals of Pittsburgh LLC
New NextCare Specialty Hospital of Denver LLC
Hospital Acquisition MI LLC
LifeCare Pharmacy Services LLC
New LifeCare REIT 2 LLC
New LifeCare Hospitals at Tenaya LLC
New LifeCare Hospitals of Sarasota LLC

**CERTIFICATE OF SECRETARY**
**OF**
**HOSPITAL ACQUISITION INTERMEDIATE SUB LLC, LIFECARE HOLDINGS LLC, LIFECARE BEHAVIORAL HEALTH HOSPITAL OF PITTSBURGH LLC, NEW LIFECARE HOSPITALS LLC, NEW LIFECARE HOSPITALS OF DAYTON LLC, NEW LIFECARE HOSPITALS OF MILWAUKEE LLC, NEW LIFECARE HOSPITALS OF SOUTH TEXAS LLC, HOSPITAL ACQUISITION SUB II LLC, NEW LIFECARE MANAGEMENT SERVICES LLC, NEW LIFECARE REIT 1 LLC, NEW LIFECARE HOSPITALS OF MECHANICSBURG LLC, NEW PITTSBURGH SPECIALTY HOSPITAL LLC, LIFECARE VASCULAR SERVICES, LLC, NEW LIFECARE HOSPITALS OF NORTH TEXAS LLC, NEW LIFECARE HOSPITALS OF CHESTER COUNTY LLC, NEW LIFECARE HOSPITALS OF NORTHERN NEVADA LLC, NEW SAN ANTONIO SPECIALTY HOSPITAL LLC, NEW LIFECARE HOSPITALS OF NORTH CAROLINA LLC, NEW LIFECARE HOSPITALS OF PITTSBURGH LLC, NEW NEXTCARE SPECIALTY HOSPITAL OF DENVER LLC, HOSPITAL ACQUISITION MI LLC, LIFECARE PHARMACY SERVICES LLC, NEW LIFECARE REIT 2 LLC, NEW LIFECARE HOSPITALS AT TENAYA LLC, AND NEW LIFECARE HOSPITALS OF SARASOTA LLC**

May 6, 2019

I, Tracey Dry, being the duly appointed and authorized Secretary of each of the limited liability companies referenced above (each, a "**Company**"), hereby deliver this Certificate of Secretary on behalf of each Company and do hereby certify, in my capacity as such duly appointed and authorized Secretary, that I have access to the company records of each Company; and

I further certify that attached hereto as <u>Exhibit A</u> is a true, correct, and complete copy of the resolutions duly adopted and approved on May 6, 2019 by the Managing Body (as defined therein) of each Company and that such resolutions (a) have not been amended, rescinded, or modified since their adoption and remain in full force and effect as of the date hereof, and (b) were adopted in accordance with the provisions of applicable law and the certificate of formation and limited liability company agreement of each Company.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 6th day of May 2019.

/s/ Tracey Dry
Tracey Dry
Secretary

01:24472011.2

**<u>EXHIBIT A</u>**

**RESOLUTIONS OF**
**THE MANAGING BODIES OF**
**THE ENTITIES LISTED ON SCHEDULE 1 HERETO**

**May 6, 2019**

On May 6, 2019, at a telephonic meeting of the sole member (each, a "***Managing Body***") of the applicable entity listed on <u>Schedule I</u> hereto (each, a "***Company***" and collectively, the "***Companies***"), each Company's respective Managing Body took the following actions and adopted the following resolutions in accordance with (i) the Delaware Limited Liability Company Act, Title 6, Chapter 18, §§ 18-101, et seq, and any successor statute, as it may be amended from time to time, (ii) the limited liability company operating agreement of each Company, and (iii) the certificate of formation of each Company.

<u>**Authorization to Commence Chapter 11 Proceedings;**</u>
<u>**Authorization to Employ and Retain Requisite Professionals**</u>

WHEREAS, the Managing Body of each Company has reviewed and analyzed the materials presented by such Company's management and such Company's financial, legal, and other advisors and has held numerous, extensive and vigorous discussions (including with management and such advisors) regarding such materials and the liabilities and liquidity situation of such Company, the short- and long-term prospects of such Company, the restructuring and strategic alternatives available to such Company, and the impact of the foregoing on such Company's business and operations and has consulted with management and such Company's financial, legal, and other advisors regarding the above; and

WHEREAS, the Managing Body of each Company has determined that it is necessary, advisable and in the best interests of such Company, its creditors, employees, shareholders and other interested parties, and necessary and convenient to the purpose, conduct, promotion, or attainment of the business and affairs of such Company, that a petition be filed by such Company seeking relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and that such Company undertake related actions.

NOW THEREFORE BE IT:

RESOLVED, that the Managing Body of each Company, in its best judgment, and after consultation with management and such Company's financial, legal, and other advisors, has determined that it is desirable and in the best interests of such Company, its creditors, employees, shareholders and other interested parties that a voluntary petition for relief under chapter 11 of the Bankruptcy Code be filed and directs that such Company file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

RESOLVED FURTHER, that the "***Authorized Officers***" referenced in these resolutions shall be, with respect to each Company, the Chief Executive Officer, the Chief Financial Officer, the General Counsel, the Chief Compliance Officer and/or the Secretary of such Company or, where applicable, the Chief Executive Officer, the Chief Financial Officer, the General Counsel, the Chief Compliance Officer and/or the Secretary of a Company in such Company's capacity as the sole member of a Company;

RESOLVED FURTHER, that each Authorized Officer, be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware at such time as such officers shall determine;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to execute and file all pleadings, schedules, lists, and other papers, and to take any and all actions that each such officer may deem necessary or proper in connection with the foregoing resolutions;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage the law firm of Akin Gump Strauss Hauer & Feld LLP ("*Akin Gump*") as general bankruptcy counsel to represent and assist such Company in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests, including filing any pleadings and making any filings with regulatory agencies or other governmental authorities; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Akin Gump;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage the law firm of Young Conaway Stargatt & Taylor, LLP ("*Young Conaway*") as local counsel to represent and assist such Company in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests, including filing any pleadings and making any filings with regulatory agencies or other governmental authorities; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Young Conaway;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage Prime Clerk LLC ("*Prime Clerk*") as claims, notice and balloting agent to represent and assist such Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Prime Clerk;

RESOLVED FURTHER, that each Authorized Officer, be, and hereby is authorized and empowered on behalf of, and in the name of, each Company to engage Houlihan Lokey, Inc. ("*Houlihan*") as financial advisor to represent and assist such Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests; and, in connection therewith, each Authorized Officer be, and hereby is, authorized

and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Houlihan;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage BRG Capital Advisors, LLC ("**BRG**") as investment banker to represent and assist such Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of BRG; and

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage any other professionals as deemed necessary or appropriate in their respective sole discretion to assist such Company subsidiaries in carrying out its duties under the Bankruptcy Code, including executing appropriate retention agreements, paying appropriate retainers prior to or after the filing of the Company's chapter 11 case, and filing appropriate applications for authority to retain the services of any other professionals as any Authorized Officer shall in their sole discretion deem necessary or desirable.

## <u>DIP Financing and Related Matters</u>

RESOLVED FURTHER, that in the judgment of the Managing Body of each Company, it is desirable and in the best interests of such Company, their creditors and other parties in interest, that such Company shall be, and hereby is, authorized to obtain senior secured superpriority post-petition financing (the "***DIP Financing***") on the terms and conditions of the proposed debtor-in-possession financing agreement or term sheet between the applicable Companies, as borrowers or guarantors, as applicable, the financial institutions from time to time party thereto as lenders (the "***DIP Lenders***"), the administrative agent and collateral agent (in such capacities, the "***DIP Agent***"), and other agents and entities from time to time party thereto, substantially in the form presented to the Managing Body of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof and to grant to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of the Companies' assets with priority under sections 364(c) and (d) of the Bankruptcy Code;

RESOLVED FURTHER, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for certain prepetition secured lenders (collectively, the "***Secured Lenders***") party to (i) that certain Credit Agreement dated as of May 31, 2013, as amended, among certain Companies as "Borrowers" and "Guarantors" thereunder as applicable, the lenders party thereto from time to time, Seaport Loan Products LLC, as administrative agent, and Wilmington Trust, National Association, as co-administrative agent and co-collateral agent for the such lenders and/or (ii) and that certain Credit Agreement dated as

of August 10, 2018, as amended, among certain Companies as "Borrowers" and "Guarantors" thereunder as applicable, the lenders party thereto from time to time, and GLAS Trust Company LLC as administrative agent and collateral agent for the such lenders;

RESOLVED FURTHER, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "***Adequate Protection Obligations***"), as documented in a proposed interim DIP order substantially in the form presented to the Managing Body of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof (the "***Interim DIP Order***") to be submitted for approval to the Bankruptcy Court;

RESOLVED FURTHER, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, ratified and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "***DIP Documents***"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to the Managing Body of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof;

RESOLVED FURTHER, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations, grant liens, make periodic payments, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor-in-possession, to take such actions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "***Adequate Protection Documents***"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "*UCC*") financing statements, any other equivalent filings, any intellectual property filings and recordations and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case, as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Interim DIP Order; and

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of adequate protection, appropriate fees and expenses payable in connection with the Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his or her sole judgement be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## General

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to (i) take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered and, where necessary or appropriate, file or cause to be filed with the appropriate governmental authorities, all such necessary or appropriate instruments and documents, (ii) incur and pay or cause to be paid all fees and expenses associated with or arising out of the actions authorized herein, and (iii) engage such persons as any Authorized Officer shall in their sole discretion deem necessary or desirable to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, such determination to be conclusively established by the taking or causing of any such further action;

RESOLVED FURTHER, that all lawful actions of any kind taken prior to the date hereof by the Authorized Officers, or any person or persons designated or authorized to act by an Authorized Officer, which acts would have been authorized by the foregoing resolutions, except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as acts of the Company;

RESOLVED FURTHER, that the signature of any Authorized Officer on any document, instrument, certificate, agreement or other writing shall constitute conclusive evidence that such officer deemed such act or thing to be necessary, advisable or appropriate; and

RESOLVED FURTHER, that any Authorized Officer be, and hereby is, authorized and empowered to certify and to furnish such copies of these resolutions as may be necessary and such statements of incumbency of the corporate officers of each Company as may be requested.

* * * * * * * *

## Schedule I

## Companies

| Company | Jurisdiction | Managing Body |
|---------|--------------|---------------|
| Hospital Acquisition Intermediate Sub LLC ("*Intermediate Sub*") | Delaware | **Sole Member**: Hospital Acquisition LLC |
| LifeCare Holdings LLC ("*Parent*") | Delaware | **Sole Member**: Intermediate Sub |
| LifeCare Behavioral Health Hospital of Pittsburgh LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of Dayton LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of Milwaukee LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of South Texas LLC | Delaware | **Sole Member**: Parent |
| Hospital Acquisition Sub II LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Management Services LLC | Delaware | **Sole Member**: Parent |
| New LifeCare REIT 1 LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of Mechanicsburg LLC | Delaware | **Sole Member**: Parent |
| New Pittsburgh Specialty Hospital LLC | Delaware | **Sole Member**: Parent |
| LifeCare Vascular Services, LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of North Texas LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of Chester County LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of Northern Nevada LLC | Delaware | **Sole Member**: Parent |
| New San Antonio Specialty Hospital LLC | Delaware | **Sole Member**: Parent |

| | | |
|---|---|---|
| New LifeCare Hospitals of North Carolina LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of Pittsburgh LLC | Delaware | **Sole Member**: Parent |
| New Nextcare Specialty Hospital of Denver LLC | Delaware | **Sole Member**: Parent |
| Hospital Acquisition MI LLC | Delaware | **Sole Member**: Parent |
| LifeCare Pharmacy Services LLC | Delaware | **Sole Member**: Parent |
| New LifeCare REIT 2 LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals at Tenaya LLC | Delaware | **Sole Member**: Parent |
| New LifeCare Hospitals of Sarasota LLC | Delaware | **Sole Member**: Parent |

<table>
<tr><td><b>Fill in this information to identify the case:</b></td><td></td></tr>
</table>

Debtor name:  Hospital Acquisition LLC, et al.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known):  _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   **12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | CANTU CONSTRUCTION GREGORY TURLEY, ESQ. LAW OFFICE OF GREGORY TURLEY 504 E. DOVE AVE, SUITE B MCALLEN, TX 78504 | CANTU CONSTRUCTION GREGORY TURLEY, ESQ. PHONE: 956-682-2600 FAX: EMAIL: | LITIGATION | C/U/D | | | UNLIQUIDATED |
| 2 | WELLTOWER INC KATHERINE BEHR ATTN ACCOUNTING 4500 DORR ST TOLEDO, OH 43615-4040 | WELLTOWER INC KATHERINE BEHR PHONE: FAX: EMAIL: NHAM@WELLTOWER.COM | TRADE | | | | $1,917,324.96 |
| 3 | DOC - LIFECARE JOHN T. THOMAS, PRESIDENT AND CHIEF EXECUTIVE OFFICER 309 N. WATER ST STE 500 MILWAUKEE, WI 53202 | DOC - LIFECARE JOHN T. THOMAS, PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: FAX: EMAIL: JTT@DOCREIT.COM | TRADE | | | | $753,205.68 |
| 4 | WILLIS-KNIGHTON MEDICAL CENTER JAMES K. ELROD, PRESIDENT AND CHIEF EXECUTIVE OFFICER 2751 ALBERT L BICKNELL DR SHREVEPORT, LA 71130 | WILLIS-KNIGHTON MEDICAL CENTER JAMES K. ELROD, PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: FAX: EMAIL: MWARD@WKHS.COM | TRADE | | | | $644,224.53 |
| 5 | MEDASSETS INC JULIANNE BROOKS 100 NORTH POINT CENTER SUITE 200 ATLANTA, GA 30022 | MEDASSETS INC JULIANNE BROOKS PHONE: 678-323-2500 FAX: EMAIL: CRYSTAL.AUSTIN@VIZIENT.COM | TRADE | | | | $603,661.32 |
| 6 | LOWELL17 LLC BOB SCHENDL C/O THE PROPERTY MANAGEMENT GROUP LLC 1601 LOWELL BLVD DENVER, CO 80204 | LOWELL17 LLC BOB SCHENDL PHONE: FAX: EMAIL: BOB@LOWELL17.COM | TRADE | | | | $558,450.44 |
| 7 | KETTERING HEALTH NETWORK FRED M. MANCHUR, CEO 3535 SOUTHERN BOULEVARD KETTERING, OH 45429 | KETTERING HEALTH NETWORK FRED M. MANCHUR, CEO PHONE: 937-395-3963 FAX: 937-395-8327 EMAIL: MIKE.RABUKA@KETTERINGHEALTH.ORG | TRADE | | | | $528,759.90 |
| 8 | ARAMARK HEALTHCARE TECHNOLOGIES JEFF BURNS ATTN:  ARAMARK CTS 12483 COLLECTIONS CENTER DR CHICAGO, IL 60693 | ARAMARK HEALTHCARE TECHNOLOGIES JEFF BURNS PHONE: FAX: EMAIL: FERRER-ALDO@ARAMARK.COM | TRADE | | | | $474,931.08 |
| 9 | BEACH CONSTRUCTION INC. PRESIDENT 1271 RECORD CROSSING ROAD DALLAS, TX 75235 | BEACH CONSTRUCTION INC. PRESIDENT PHONE: FAX: EMAIL: MICHELLE@BCCOMMERCIALTX.COM | TRADE | | | | $414,317.52 |
| 10 | RENOWN SOUTH MEADOWS MEDICAL CENTER ATTN: GENERAL COUNSEL 1155 MILL STREET, Z-4 RENO, NV 89521 | RENOWN SOUTH MEADOWS MEDICAL CENTER ATTN: GENERAL COUNSEL PHONE: FAX: EMAIL: NFLEMING@RENOWN.ORG | TRADE | | | | $358,016.33 |
| 11 | OWENS & MINOR EDWARD A. PESICKA, PRESIDENT 9120 LOCKWOOD BOULEVARD MECHANICSVILLE, VA 23116 | OWENS & MINOR EDWARD A. PESICKA, PRESIDENT PHONE: FAX: EMAIL: MICHELLE.THOMAS@OWENS-MINOR.COM | TRADE | | | | $332,354.19 |
| 12 | MPT OF DALLAS LTACH LP DRAYTON GREEN 1000 URBAN CTR  DRIVE  STE 501 BIRMINGHAM, AL 35242 | MPT OF DALLAS LTACH LP DRAYTON GREEN PHONE: FAX: EMAIL: SHEALD@MEDICALPROPERTIESTRUST.COM | TRADE | | | | $311,251.00 |
| 13 | NEW SOURCE MEDICAL CHAD FISCHESSER 9913 SHELBYVILLE RD  STE203 LOUISVILLE, KY 40223 | NEW SOURCE MEDICAL CHAD FISCHESSER PHONE: FAX: EMAIL: KEVIN@NEWSOURCEMED.COM | TRADE | | | | $310,871.91 |
| 14 | FROEDERT HEALTH CATHERINE JACOBSON, PRESIDENT AND CEO 9200 W. WISCONSIN AVE. MILWAUKEE, WI 53226 | FROEDERT HEALTH CATHERINE JACOBSON, PRESIDENT AND CEO PHONE: FAX: EMAIL: DARCY.ALATALO@FROEDTERT.COM | TRADE | | | | $304,833.34 |

Debtor:  Hospital Acquisition LLC, et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 15<br>WEST PENN ALLEGHENY HEALTH<br>MARK RIPPOLE<br>ALLEGHENY SPECIALTY PRACTICE NETWORK<br>TWO ALLEGHENY CENTER  6TH FLOOR<br>PITTSBURGH, PA 15212 | WEST PENN ALLEGHENY HEALTH<br>MARK RIPPOLE<br>PHONE:<br>FAX:<br>EMAIL: JEFFREY.CRUDELE@AHN.ORG | TRADE | | | | $277,496.98 |
| 16<br>SENTRY INSURANCE<br>ATTN: ERICKA SCHAEFER<br>1800 NORTH POINT DRIVE<br>STEVENS POINT, WI 54481 | SENTRY INSURANCE<br>ATTN: ERICKA SCHAEFER<br>PHONE:<br>FAX:<br>EMAIL: NATACCTSPREMIUMSERVICES@SENTRY.COM | TRADE | | | | $266,743.69 |
| 17<br>NASH COMMUNITY HEALTH SERVICES INC<br>JOAN T CALHOUN<br>2460 CURTIS ELLIS DR<br>ROCKY MOUNT, NC 27804 | NASH COMMUNITY HEALTH SERVICES INC<br>JOAN T CALHOUN<br>PHONE:<br>FAX:<br>EMAIL: SHAWN.HARTLEY@UNCHEALTH.UNC.EDU | TRADE | | | | $248,091.89 |
| 18<br>CARDINAL HEALTH<br>MIKE KAUFMAN, CHIEF EXECUTIVE OFFICER<br>7000 CARDINAL PL.<br>DUBLIN, OH 43017 | CARDINAL HEALTH<br>7000 CARDINAL PL.<br>PHONE:<br>FAX:<br>EMAIL: AILEEN.LAWAS@CARDINALHEALTH.COM | TRADE | | | | $237,543.57 |
| 19<br>MMODAL SERVICES LTD<br>MICHAEL FINKE, PRESIDENT<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | MMODAL SERVICES LTD<br>MICHAEL FINKE, PRESIDENT<br>PHONE:<br>FAX: 866-796-5127<br>EMAIL: TONIA.PHILLIPS@MMODAL.COM;<br>MICHAEL.FINKE@MMODAL.COM | TRADE | | | | $233,142.56 |
| 20<br>CAREFUSION SOLUTIONS<br>CAROL WHITE<br>25082 NETWORK PLACE<br>CHICAGO, IL 60673-1250 | CAREFUSION SOLUTIONS<br>CAROL WHITE<br>PHONE:<br>FAX:<br>EMAIL: HARSHENDRA.SINGH@BD.COM | TRADE | | | | $228,907.50 |
| 21<br>JONES LANG LASALLE INC (JLL)<br>AMPHA CARDENAS<br>200 EAST RANDOLPH DRIVE  STE 4300<br>CHICAGO, IL 60601 | JONES LANG LASALLE INC (JLL)<br>AMPHA CARDENAS<br>PHONE:<br>FAX:<br>EMAIL: EDWARD.RICARD@AM.JLL.COM | TRADE | | | | $226,146.47 |
| 22<br>NORTHERN NEVADA MEDICAL CENTER<br>JENNIFER FLORIO<br>NORTHERN NEVADA HOSPITAL<br>FILE 50689<br>LOS ANGELES, CA 90074 | NORTHERN NEVADA MEDICAL CENTER<br>JENNIFER FLORIO<br>PHONE:<br>FAX:<br>EMAIL: RYAN.HEIT@UHSINC.COM | TRADE | | | | $213,509.21 |
| 23<br>HILL-ROM<br>JOHN P. GROETELAARS, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>130 E. RANDOLPH STREET<br>SUITE 1000<br>CHICAGO, IL 60601 | HILL-ROM<br>JOHN P. GROETELAARS, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 312-819-7200<br>FAX:<br>EMAIL: AR.ACHPNC@HILL-ROM.COM | TRADE | | | | $212,495.18 |
| 24<br>NTT DATA SERVICES LLC<br>PETER MACK, CORPORATE COUNSEL<br>2300 W. PLANO PKWY<br>PLANO, TX 75075-8427 | NTT DATA SERVICES LLC<br>PETER MACK, CORPORATE COUNSEL<br>PHONE: 972-624-7902<br>FAX:<br>EMAIL: ABHIMANYU.CHAUHAN@NTTDATA.COM | TRADE | | | | $201,981.11 |
| 25<br>UNC HEALTHCARE<br>SHAWN HARTLEY, SENIOR VICE PRESIDENT, CHIEF FINANCIAL OFFICER<br>2460 CURTIS ELLIS DR<br>ROCKY MOUNT, NC 27804 | UNC HEALTHCARE<br>SHAWN HARTLEY, SENIOR VICE PRESIDENT, CHIEF FINANCIAL OFFICER<br>PHONE:<br>FAX:<br>EMAIL: SHAWN.HARTLEY@UNCHEALTH.UNC.EDU | TRADE | | | | $196,418.41 |
| 26<br>HEALOGICS WOUND CARE & HYPERBARICS SERVICES<br>LISA WILSON<br>28525 NETWORK<br>CHICAGO, IL 60673-1285 | HEALOGICS WOUND CARE & HYPERBARICS SERVICES<br>LISA WILSON<br>PHONE:<br>FAX:<br>EMAIL: AR@HEALOGICS.COM | TRADE | | | | $182,505.17 |
| 27<br>TURNER WINDHAM LLC<br>WILLIAM C. WINDHAM JR, MEMBER<br>820 GARRETT DR<br>BOSSIER CITY, LA 71111-2500 | TURNER WINDHAM LLC<br>WILLIAM C. WINDHAM JR, MEMBER<br>PHONE:<br>FAX:<br>EMAIL: WCW@TURNERWINDHAM.COM | TRADE | | | | $171,650.00 |
| 28<br>WHETSTONE LEGACY CAMPUS<br>JOSHUA COOK<br>5340 LEGACY DR. SUITE 125<br>PLANO, TX 75024 | WHETSTONE LEGACY CAMPUS<br>JOSHUA COOK<br>PHONE:<br>FAX: (972)473-2555<br>EMAIL: LAUREN.MCCALLON@AM.JII.COM;<br>JOSH.COOK@AM.JLL.COM | TRADE | | | | $157,491.68 |
| 29<br>AHA<br>RICHARD J. POLLACK, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PO BOX 92247<br>CHICAGO, IL 60675-2247 | AHA<br>RICHARD J. POLLACK, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 202626-2363<br>FAX:<br>EMAIL: MEMBREL@AHA.ORG; RICK@AHA.ORG | TRADE | | | | $156,977.00 |
| 30<br>BAXTER HEALTHCARE CORP.<br>JOSE E. ALMEIDA, CHIEF EXECUTIVE OFFICER<br>PO BOX 70564<br>CHICAGO, IL 60673-0564 | BAXTER HEALTHCARE CORP.<br>JOSE E. ALMEIDA, CHIEF EXECUTIVE OFFICER<br>PHONE:<br>FAX: 224-948-4498<br>EMAIL: NEIL.KOZEROWITZ@BAXTER.COM | TRADE | | | | $155,440.03 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Hospital Acquisition LLC, *et al.*[1] | ) | Case No. 19-_____ (  ) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO**
**BANKRUPTCY RULES 1007(a)(1) 1007((a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3),  and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors in possession (each, a "***Debtor***") hereby state

as follows:

1.    A list of Debtor Hospital Acquisition LLC's equity interest holders, their addresses, and the nature of their equity interests is attached hereto as <u>Exhibit A</u>.

2.    Hospital Acquisition LLC whose address is 5340 Legacy Drive, Suite 150, Plano, TX 75024, is the sole member of Debtor Hospital Acquisition Intermediate Sub LLC.

3.    Hospital Acquisition Intermediate Sub LLC, whose address is 5340 Legacy Drive, Suite 150, Plano, TX 75024, is the sole member of Debtor LifeCare Holdings LLC (formerly known as Hospital Acquisition Sub I LLC).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hospital Acquisition LLC (3232); Hospital Acquisition Intermediate Sub LLC (9609); LifeCare Holdings LLC (f/k/a Hospital Acquisition Sub I LLC) (6612); LifeCare Behavioral Health Hospital of Pittsburgh LLC (9835); New LifeCare Hospitals LLC (7959); New LifeCare Hospitals of Dayton LLC (2592); New LifeCare Hospitals of Milwaukee LLC (2428); New LifeCare Hospitals of South Texas LLC (4237); Hospital Acquisition Sub II LLC (7920); New LifeCare Management Services LLC (4310); New LifeCare REIT 1 LLC (9849); New LifeCare Hospitals of Mechanicsburg LLC (0174); New Pittsburgh Specialty Hospital LLC (7592); LifeCare Vascular Services, LLC (5864); New LifeCare Hospitals of North Texas LLC (4279); New LifeCare Hospitals of Chester County LLC (1116); New LifeCare Hospitals of Northern Nevada LLC (4534); New San Antonio Specialty Hospital LLC (2614); New LifeCare Hospitals of North Carolina LLC (7257); New LifeCare Hospitals of Pittsburgh LLC (8759); New NextCare Specialty Hospital of Denver LLC (6416); Hospital Acquisition MI LLC (4982); LifeCare Pharmacy Services LLC (3733); New LifeCare REIT 2 LLC (1315); New LifeCare Hospitals at Tenaya LLC (6891); and New LifeCare Hospitals of Sarasota LLC (8094).  The Debtors' address is 5340 Legacy Drive, Suite 150, Plano, Texas 75024.

4.       LifeCare Holdings LLC (formerly known as Hospital Acquisition Sub I LLC), whose address is 5340 Legacy Drive, Suite 150, Plano, TX 75024, is the sole member of:

      a)   LifeCare Behavioral Health Hospital of Pittsburgh LLC;

      b)   New LifeCare Hospitals LLC;

      c)   New LifeCare Hospitals of Dayton LLC;

      d)   New LifeCare Hospitals of Milwaukee LLC;

      e)   New LifeCare Hospitals of South Texas LLC;

      f)   Hospital Acquisition Sub II LLC;

      g)   New LifeCare Management Services LLC;

      h)   New LifeCare REIT 1 LLC;

      i)   New LifeCare Hospitals of Mechanicsburg LLC;

      j)   New Pittsburgh Speciality Hospital LLC;

      k)   LifeCare Vascular Services, LLC;

      l)   New LifeCare Hospitals of North Texas LLC;

      m)   New LifeCare Hospitals of Chester County LLC;

      n)   New LifeCare Hospitals of Northern Nevada LLC;

      o)   New San Antonio Specialty Hospital LLC;

      p)   New LifeCare Hospitals of North Carolina LLC;

      q)   New LifeCare Hospitals of Pittsburgh LLC;

      r)   New NextCare Specialty Hospital of Denver LLC;

      s)   Hospital Acquisition MI LLC;

      t)   LifeCare Pharmacy Services LLC;

      u)   New LifeCare REIT 2 LLC;

v)  New LifeCare Hospitals at Tenaya LLC; and

w)  New LifeCare Hospitals of Sarasota LLC.

**EXHIBIT A**

| Name | Address | Shares of Common Stock | Common Share Percentage |
|---|---|---|---|
| Monarch Master Funding Ltd | 535 Madison Avenue, 26th Floor New York, NY 10022 | 344,532 | 34.45% |
| Twin Haven Special Opportunities Fund IV, L.P. | 33 Riverside Avenue, 3rd Floor Westport, CT 06880 | 162,251 | 16.23% |
| Blue Mountain Credit Alternatives Master Fund LP | 280 Park Avenue, 5th Floor East New York, NY 10017 | 116,872 | 11.69% |
| Merrill Lynch, Pierce, Fenner & Smith Incorporated | 214 North Tyron Street NC1-027-15-01 Charlotte, NC 28255 | 99,218 | 9.92% |
| BlueMountain Montenvers Master Fund SCA SICAV-SIV | 280 Park Avenue, 5th Floor East New York, NY 10017 | 61,922 | 6.19% |
| BlueMountain Summit Trading, L.P. | 280 Park Avenue, 5th Floor East New York, NY 10017 | 55,663 | 5.57% |
| BlueMountain Timberline Ltd. | 280 Park Avenue, 5th Floor East New York, NY 10017 | 51,578 | 5.16% |
| BlueMountain Guadalupe Peak Fund L.P. | 280 Park Avenue, 5th Floor East New York, NY 10017 | 31,616 | 3.16% |
| BlueMountain Foinaven Master Fund L.P. | 280 Park Avenue, 5th Floor East New York, NY 10017 | 22,537 | 2.25% |
| BlueMountain Kicking Horse Fund L.P. | 280 Park Avenue, 5th Floor East New York, NY 10017 | 14,618 | 1.46% |
| BlueMountain Distressed Master Fund L.P. | 280 Park Avenue, 5th Floor East New York, NY 10017 | 14,421 | 1.44% |
| BlueMountain Logan Opportunities Master Fund L.P. | 280 Park Avenue, 5th Floor East New York, NY 10017 | 12,736 | 1.27% |
| Oakstone Ventures, Inc. | 1680 Capital One Drive McLean, VA 22102 | 12,036 | 1.20% |
| **Total** | | **1,000,000** | **100.00%**[1] |

---

[1] Rounded Common Share Percentages may not total 100%.

**Fill in this information to identify the case:**

Debtor name    **New LifeCare Management Services LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.    Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.    18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒    Other document that requires a declaration    **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>05/06/2019</u>    X **/s/ James Murray**
                                   Signature of individual signing on behalf of debtor

                                   **James Murray**
                                   Printed name

                                   **Chief Executive Officer and Manager**
                                   Position or relationship to debtor